CINSA, S.A. de C.V., Plaintiff,

v.

UNITED STATES, Defendant,

and

General Housewares Corp., Defendant–Intervenor.

Slip Op. 97–131.
Court No. 93–09–000538.

United States Court of International Trade.

Sept. 16, 1997.

Manatt, Phelps & Phillips, Irwin P. Altschuler, David R. Amerine, Ronald M. Wisla, Washington, DC, for plaintiff.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Velta Melnbrencis, Washington, DC, for defendant.

King & Spalding, Joseph W. Dorn, Gregory C. Dorris, Washington, DC, for defendant-intervenor.

## OPINION

MUSGRAVE, Judge.

Plaintiff, Cinsa, S.A. de C.V. ("Cinsa"), brought this action to contest the final results of the fourth administrative review of the antidumping duty order *Porcelain-on-Steel Cooking Ware from Mexico; Final Results of Antidumping Duty Administrative Review,* 58 Fed. Reg. 43,327 (1993). In the final results, the U.S. Department of Commerce ("Commerce") determined that Cinsa would be assessed an 8.18% dumping margin. Pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) (1994), Cinsa appealed the final results and requested that the Court reverse the final results and remand the action to Commerce to: (1) calculate the cost of production ("COP") and constructed value ("CV") using historical rather than revalued depreciation; (2) calculate COP and CV excluding employee profit sharing expense; (3) calculate CV using Cinsa's submitted purchase prices to value the enamel frit raw material costs; and (4) calculate COP and CV using all verified interest income. The Court remanded Commerce's calculation of CV to determine whether the transfer price of enamel frit constituted an arm's length transaction as prescribed by statute and previous practice. The Court affirmed the final results with respect to the calculation of COP and CV using revalued depreciation, calculation of COP and CV including employee profit sharing expense and calculation of COP and CV using only short-term interest income to offset total interest expense in its opinion dated April 4, 1997.

Although Commerce, in its final remand results filed July 2, 1997, "disagree[d] with the Court's conclusion that CINSA fulfilled its burden of proving the arm's length nature of the related party transfer price," Commerce nevertheless accepted the related party pricing that Cinsa had supplied in its questionnaire response and recalculated Cinsa's weighted-average dumping margin to be 6.04 percent *ad valorem.* The Court reiterates that the burden is on the respondent to establish that the related party transfer price was determined at arm's length. The Court found that it was unclear whether Cinsa fulfilled this burden but Cinsa did effectively shift the burden of proof to Commerce when it provided the information requested in the questionnaire. The Court finds that a party cannot be penalized for not providing information that was neither required nor requested.

Cinsa has subsequently filed a motion for the Court to affirm Commerce's final remand results and GHC did not file a response. The Court adopts its opinion dated April 4, 1997, Slip Op. 97–41, and Commerce's final remand results with respect to the determination to rely on the transfer price of enamel frit submitted by Cinsa.

## JUDGMENT

Upon reading defendant's final remand results, plaintiff's response, and upon consideration of all other papers and proceedings had herein, it is hereby:

**ORDERED** that Cinsa's weighted-average dumping margin of 6.04 percent *ad valorem* as recalculated in Commerce's final remand results is affirmed; and it is further

**Ordered** that the Court's opinion of April 4, 1997, Slip Op. 97–41 is adopted with respect to all other findings from Commerce's original final results.